ACTION EMPLOYMENT RE-
SOURCES, INC., Plain-
tiff—Appellant,

v.

UNITED STATES of America,
Defendant—Appellee.

No. 04–15444.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 8, 2005.*

Decided Dec. 13, 2005.

James J. Everett, Phoenix, AZ, for
Plaintiff–Appellant.

Paul K. Charlton, Esq., Office of the
U.S. Attorney, Phoenix, AZ, Charles
Bricken, Esq., Bridget Rowan, Esq., John
B. Snyder, III, Esq., Francesca Ugolini
Tamami, Esq., U.S. Department of Justice,
Washington, DC, for Defendant–Appellee.

Before: BRUNETTI, KOZINSKI and
SILVERMAN, Circuit Judges.

MEMORANDUM **

1. "The [IRS] has the discretion to ac-
cept or reject any proposed installment
agreement." 26 C.F.R. § 301.6159–1(b).
In making that determination, the officer
"shall take into consideration ... whether
any proposed collection action balances the
need for the efficient collection of taxes

with the legitimate concern of the person
that any collection action be no more intru-
sive than necessary." 26 U.S.C.
§ 6330(c)(3)(C). The officer here did not
abuse her discretion in considering plain-
tiff's other tax liabilities in assessing plain-
tiff's ability to pay. Nor did the officer
abuse her discretion in finding that plain-
tiff did not demonstrate an ability to make
the proposed payments. By plaintiff's cal-
culation, repayment of the liability would
take six years. Plaintiff had only two
profitable years, and a large loss in 2002.
Plaintiff's improving financial status did
not establish that it would be able to make
the escalating payments required by the
proposed installment agreement.

2. The IRS may release a tax lien
when the underlying tax liability has been
satisfied or become legally unenforceable.
26 U.S.C. § 6325(a)(1). Plaintiff's liability
was neither satisfied nor unenforceable, so
the IRS was not required to release the
lien. *See Burns v. United States* (*In re
Burns*), 974 F.2d 1064, 1065 (9th Cir.
1992).

**AFFIRMED.**

---

* This panel unanimously finds this case suit-
able for decision without oral argument. *See*
Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as provided by
9th Cir. R. 36–3.